AO 451  (Rev. 12/12)   Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT

for the

District of New Jersey 🔽

| | | |
|---|---|---|
| J.G. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action  No. 24–cv–08232 |
| TYLER JONES a/k/a TYLER JOHN JONES | ) | |
| *Defendant* | ) | |

### CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)*    July 14, 2025   .

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court, the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending.

Date:   *8/6/25*

*CLERK OF COURT*

*Adam Ognagenoli*

*Signature of Clerk or Deputy Clerk*

| Print | Save As... | | Reset |
|---|---|---|---|

I hereby attest and certify on 8/6/25
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY

DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

J.G.,

    **Plaintiff,**

    v.

**TYLER JONES a/k/a TYLER
JOHN JONES,**

    **Defendant.**

**Case No. 24–cv–08232–ESK–SAK**

**OPINION AND ORDER**

    **THIS MATTER** having come before the Court on the inquest of damages held on May 6, 2025 (Inquest) (ECF No. 28), at which plaintiff and *pro se* defendant, who is in default (ECF No. 12), appeared; and at the Court's direction (ECF No. 29), plaintiff having filed on May 30, 2025 a brief setting forth her calculation of damages (Brief) (ECF No. 30); and the Court finding,

    1.    On August 2, 2024, plaintiff commenced this action against defendant for distributing intimate images of her in violation of 15 U.S.C. §6851 and N.J.S.A. 2A:58D-1. (*See generally* ECF No. 1.) Plaintiff also asserts claims for emotional distress and invasion of privacy. (*See generally id.*) Plaintiff alleges that in November 2022, defendant, who was then dating her friend, asked to borrow her phone. (*Id.* ¶1.) Defendant used that opportunity to send himself intimate images of plaintiff he found on her phone without her consent. (*Id.*) Defendant repeated this process at least once more to access more images of plaintiff. (*Id.* ¶2.) Defendant uploaded these images on the internet along with plaintiff's personally identifiable information, such as her name, workplace, and hobbies. (*Id.* ¶3.) Defendant also shared plaintiff's intimate images to plaintiff's friends via a disguised username on Instagram. (*Id.* ¶¶5, 22–29.) Plaintiff discovered that her intimate images were on the internet in December 2023 after her friend notified her that someone was sending him intimate images of her. (*Id.* ¶¶22–26.)

    2.    Despite being served with the summons and complaint, defendant failed to respond to the complaint. (ECF Nos. 3, 8.) At plaintiff's request, the Clerk's Office entered a Notice of Default against defendant on December 16, 2024. (Entry after ECF No. 8.) Plaintiff then moved for default judgment on December 18, 2024 (ECF No. 9), which was granted as unopposed on January 15, 2025 (ECF No. 12). While defendant was thereby found liable on all claims

alleged in the complaint, I deferred the question of damages pending the Inquest.

3.    At the Inquest, plaintiff, her friend, who was also a victim to defendant stealing her intimate images, and defendant testified.  Plaintiff and her friend explained in detail how plaintiff was impacted by defendant's actions. Prior to defendant stealing plaintiff's intimate images and posting them online, plaintiff was very social and outgoing.  However, now, plaintiff suffers from mental health issues and has trouble being in large crowds.  Plaintiff explained that she can no longer participate in the activities she would enjoy, such as hosting dinner parties and pursing her photography career. Defendant pleaded the Fifth Amendment throughout his testimony.  During the Inquest, many screenshots of plaintiff's intimate images were submitted as evidence for the Court's review.

4.    In the Brief, plaintiff reiterates the information she testified to at the Inquest.  Plaintiff expounds upon the medical expenses she has incurred because of defendant's action.  (ECF No. 30 pp. 4, 5.)    Plaintiff indicates that her "ability to enjoy life" has been impacted and that due to "fear of being in the public eye," she has lost wages.  (Id. p. 5.)  Plaintiff requests $326,080 in compensation for her past and future medical expenses.  (Id. p. 7.)  Plaintiff also requests  $350,000 for her lost earning potential and $3,000,000 for past and future pain and suffering.  (Id.)   Additionally, plaintiff seeks $5,000,000 in punitive damages.    (Id.)   $75,664.64 are sought in attorney's fees and costs.  (Id.)   Plaintiff's total request for judgment is $8,751,744.64.  (Id.)

5.    Pursuant to 15 U.S.C. §6851(b)(3)(A)(i), a plaintiff "may recover the actual damages sustained … or liquidated damages in the among of $150,000, and the costs the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred."   N.J.S.A. 2A:58D-1 also permits a plaintiff to be awarded "actual damages, but not less than liquidated damages computed at the rate of $1,000 for each violation," and "punitive damages," "reasonable attorney's fees and other litigation costs reasonable incurred."

6.    It is clear and undisputed that defendant caused plaintiff significant harm.  Plaintiff suffers from and is medicated for post-traumatic stress disorder and adjustment disorder with mixed anxiety and depressed mood. (ECF No. 30 p. 4.)  Plaintiff regularly attends therapy and treatment with a psychiatrist.  (Id.)  Due to the nature of the internet, I find that it is reasonable—and unfortunately, expected—for plaintiff to worry that her intimate images will resurface.  In consideration of the fact that plaintiff's employment and insurance rates may change, I will grant her request for $326,080 in past and future medical expenses.

7.   As to plaintiff's lost wages, plaintiff details how because of defendant's actions, her teaching contract was not renewed, and she was no longer able to continue as a photographer or pursue the joint venture she discussed operating with her friend.   (ECF No. 30 pp.5, 6.)   While I cannot assess whether plaintiff's teaching contract was not renewed solely due to defendant's action, I find it to be plausible that it was a significant reason. Similarly, based upon plaintiff's diagnosis, I find it reasonable why she put aside her photography career and joint venture.   Thus, plaintiff will be awarded $350,000 for her lost earning potential.

8.   In reaching her pain and suffering determination, I note that plaintiff did not calculate how her past and present pain and suffering amounts to $3,000,000.   (*Id.* p.6.)   However, based on the testimony and evidence entered at the Inquest, plaintiff has shown by a preponderance of the evidence that she has suffered significant pain and suffering as a result of defendant's illegal actions.   *See Looi v. Wang*, No. 13–01684, 2015 WL 64650, at *2 (D.N.J. Jan. 5, 2015).   Accordingly, plaintiff will be awarded compensatory damages in the amount of $3,000,000 for past and future pain and suffering

9.   Courts are "required to perform a 'positive and affirmative function in the fee fixing process." *Evans v. Port Auth. of N.Y. & N.J.*, 273 F.3d 346, 362 (3d Cir. 2001) (quoting *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir.2001)).   Courts must "review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" *Id.* (quoting *Maldonado*, 256 F.3d at 184).   "[T]he district court retains a great deal of discretion in deciding what a reasonable fee award is." *Id.* (quoting *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 721 (3d Cir.1989)).   "In determining whether the fee request is excessive ... the court will inevitably be required to engage in a fair amount of 'judgment calling' based upon its experience with the case and its general experience as to how much time a case requires." *Id.* (alteration in original) (quoting *Bell*, 884 F.2d at 721).   "The starting point for determining the amount of a reasonable fee is the lodestar, which courts determine by calculating the 'number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *McKenna v. City of Philadelphia*, 582 F.3d 447, 455 (3d Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).   The party seeking fees bears the burden of establishing the reasonableness of its fees.   *Interfaith Cmty. Org. v. Honeywell Int'l. Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005).   Thus, "the fee petitioner must submit evidence supporting the hours worked and rates claimed." *Id.*

10.   Plaintiff's attorneys request to be reimbursed an hourly rate of $500 for a total of 112.8 hours.   (ECF No. 30 pp.7, 49–58.)   Having reviewed all of the billing entries submitted by plaintiff's attorneys, I find that they are entitled to fees at their billed rates.   *See Wachtel v. HealthNet. Inc.*, Nos. 01-04183, 03-01801, 2007 WL 1791553, at *2 (D.N.J. June 19, 2007) (holding that a thorough and searching analysis involving a line-by-line review of the billing record is necessary when assessing the reasonableness of a fee application); *Webbs v. Green*, No. 24–07763, 2025 WL 1413355, at *3 (D.N.J. May 13, 2025) (finding "that the rases charged by [p]laintiff's counsel of $500 per hour are reasonable when compared to the rates charged in other cases with similar circumstances").   The 112.4 hours of billing entries are neither unnecessary nor duplicative.   *See Pub. Interest Research Grp. of N.J., Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995) (holding that when assessing fees and costs, a court should exclude those that are excessive, redundant, or unnecessary).   Similarly, the request for $5,164.64 in litigation costs were properly documented and reasonably incurred.   However, despite the complexity of the case and issues presented, I find no basis to grant plaintiff's counsel request for a 25% enhancement.   (*See* ECF No. 30 pp.56–58.)   Accordingly, plaintiff will be awarded $61,564.64 in attorney's fees and costs.

11.   "Punitive damages may [also] properly be imposed to further a State's legitimate interests in punishing unlawful conduct and deterring its repetition."   *Leiva*, 2021 WL 2722718, at *5 (alteration in original) (quoting *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 568 (1996)).   "In our federal system, [s]tates necessarily have considerable flexibility in determining the level of punitive damages that they will allow."   *Id.* (alteration in original) (quoting *Gore*, 517 U.S. at 568).   "In issuing such awards, however, this Court must be careful to comport with due process, by ensuring that the award is not 'grossly excessive or arbitrary.'"   *Id.* (quoting *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003)).   "The defendant's reprehensibility is the 'most important indicium' for determining a reasonable punitive damages award.'"   *Id.* at *6 (quoting *Gore*, 517 U.S. at 575).   "Factors to consider when determining the degree of reprehensibility include whether: (1) the harm was 'physical as opposed to economic'; (2) defendant 'evinced an indifference to or reckless disregard of the health or safety of others'; (3) 'the target of the conduct had financial vulnerability'; (4) the conduct was a single incident or a series of incidents; or (5) 'the harm was the result of intentional malice, trickery, or deceit, or mere accident.'"   *Id.* (quoting *Wade v. Colaner*, No. 06–03715, 2010 WL 5479629, at *30 (D.N.J. Dec. 28, 2010)).

12.   Defendant's actions were clearly reprehensible.   Defendant disregarded plaintiff's health and safety and acted with malice.   An award of

$5,000,000 is appropriate because it sufficiently punished defendant, deters similar reprehensible conduct in the future, and comport with due process.

Accordingly

IT IS on this 14th day of July 2025 ORDERED that:

1. Plaintiff is granted damages amounting to a total award of $8,737,644.64. That award is comprised of $326,080 in compensation for her past and future medical expenses, $350,000 in loss earning, $3,000,000 in pain and suffering, $61,564.64 in attorney's fees and costs, and $5,000,000 in punitive damages.

2. The Clerk of the Court is directed to mark this matter as **closed.**

_/s/ Edward S. Kiel_
EDWARD S. KIEL
UNITED STATES DISTRICT JUDGE